IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William McClelland and<br>Barbara McClelland,<br><br>    Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>    Defendant and<br>    Third-Party Plaintiff,<br><br>vs.<br><br>Northwestern Mutual Life Insurance Company,<br><br>    Third-Party Defendant. | Civil Action No. 08-851 |

AMBROSE, Chief District Judge

## OPINION
### and
## ORDER OF COURT

This is a slip and fall case brought pursuant to the Federal Tort Claims Act, in which Plaintiffs are seeking recovery for personal injuries and loss of consortium resulting from Plaintiff William McClelland's slip and fall on ice at the United States Postal Service Logistics and Distribution Center ("L&DC") on February 7, 2006, in Warrendale, Pennsylvania.

In January 2008, Plaintiffs commenced a negligence action against the owner of the property on which the L&DC is operated, Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), the property manager, Oxford Development Company ("Oxford"), and a snow/ice removal contractor, SMG Enterprises ("SMG"), in the Court of Common Pleas of Allegheny County. On May 27, 2009, Northwestern Mutual and the other defendants in the state

1

court action entered into a settlement agreement ("Release") with Plaintiffs with respect to that action. See Docket No. 29, Ex. A. The United States was not a party to the state court action or to the Release.

Plaintiffs commenced the instant action against Defendant United States of America by Complaint filed in this Court on June 20, 2008. (Docket No. 1). On December 23, 2008, the United States filed a Third-Party Complaint asserting an indemnification claim against Northwestern Mutual under the Pennsylvania Uniform Contribution Among Tortfeasors Act, 42 Pa. Cons. Stat. Ann. § 8321, et seq. (Docket No. 17). On March 3, 2009, Northwestern Mutual filed a cross-claim for indemnification against the United States. (Docket No. 24).

On June 1, 2009, Northwestern Mutual filed a Motion to Dismiss or in the Alternative for Leave to Amend Answer and Defenses to Third-Party Complaint filed by Northwestern Mutual against the United States. (Docket No. 29). The United States filed a response to Northwestern's motion on June 9, 2009. (Docket No. 30). Northwestern Mutual filed a brief in support of its motion on June 26, 2009. (Docket No. 31). The motion is now ripe for my review.[1]

After a careful review of the submissions by the parties and for the reasons discussed in this Opinion, Northwestern Mutual's Motion to Dismiss is denied and Northwestern Mutual's alternative Motion for Leave to Amend Answer and Defenses to Third-Party Complaint is granted.

## **LEGAL ANALYSIS**

In its motion, Northwestern Mutual argues that the Third-Party Complaint against it must be dismissed because, pursuant to the terms of the Release it entered into with Plaintiffs in the state-court action, Plaintiffs have agreed to reduce their claim against the United States by Northwestern Mutual's proportionate share of liability. According to Northwestern Mutual, if

---

[1] Also pending before the Court is the United States' Motion to Dismiss Northwestern Mutual's cross-claim and supporting brief (Docket Nos. 26, 27) to which Northwestern Mutual has not yet responded.

Plaintiffs obtain a verdict against the United States, the Court will mold the verdict to provide for the terms of the Release, and the United States no longer will have a valid claim for contribution against it. See Docket No. 29 ¶¶ 5-7. The United States opposes the motion, arguing that because Northwestern Mutual does not concede joint tortfeasor liability in the Release, it must remain as a party in this case so that the Court can determine such liability. For the reasons set forth below, I agree with the United States.

The Pennsylvania Uniform Contribution Among Tortfeasors Act, 42 Pa. Cons. Stat. Ann. §§ 8321-27 ("UCATA"), provides that:

> [a] release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or on any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid.

42 Pa. Cons. Stat. Ann. § 8326; see also id. § 8327 (liability to make contribution as affected by a release). For the UCATA to apply, however, "'it is necessary to establish that those allegedly culpable are joint tortfeasors.'" Carr v. Am. Red Cross, 17 F.3d 671, 683 (3d Cir. 1994) (quoting Rocco v. Johns-Manville Corp., 754 F.2d 110, 114 (3d Cir. 1985)). If a "released party is not a joint tortfeasor, he is considered a volunteer," and, "[i]n that circumstance, the amount paid for the release is not deducted from the recovery against a nonreleased party." Rocco, 754 F.2d at 115. Accordingly, courts applying Pennsylvania law have held that "'a defendant has the right to require a codefendant settling on a pro-rata release to remain in the case through trial and verdict to establish joint tortfeasor status.'" Carr, 17 F.3d at 683 (quoting Davis v. Miller, 123 A.2d 422 (Pa. 1956)); see also Nat'l Liberty Life Ins. Co. v. Kling P'ship, 504 A.2d 1273, 1277 (Pa. Super. Ct. 1986).

Parties who wish to avoid the expense of retaining settling parties in a lawsuit may execute what courts call a "Griffin release." See Griffin v. United States, 500 F.2d 1059 (3d Cir. 1974). In

3

a Griffin release, "the plaintiff agrees that the nonsettling defendant has a right of setoff without an express determination by the court that the settling defendant is, in fact, a joint tortfeasor." Claudio v. Dean Machine Co., 786 A.2d 224, 233 (Pa. Super. Ct. 2001) (citing Rocco, 754 F.2d at 115), rev'd on other grounds, 831 A.2d 140 (Pa. 2003). That is, "the effect of a Griffin release is to grant the nonsettling defendant a pro rata reduction in the judgment without requiring that defendant to establish that the settling defendant is liable to the plaintiff." Id. Because, in a Griffin release, the "plaintiff effectively concedes that defendants are joint tortfeasors, . . . 'the need to keep the settling codefendant in the case no longer exists.'" Id. (quoting Carr, 17 F.3d at 683).

The Release in this case provides, in relevant part:

> Should it appear that two or more persons or entities are jointly or severally liable for the said injuries to person or damage to property resulting from or arising out of said accident, the consideration for this release shall be received in complete satisfaction to the full extent of the fault of ONLY the said Releasees, whether proportionately allocated or total, as ultimately determined by the law and for which the said Releasees are ultimately found liable. We specifically reserve all claims and causes of action arising out of the above mentioned accident against all other tortfeasors, including but not limited to the United States Postal Service.
>
> It is further agreed that by this release the undersigned reduce our claim against the other tortfeasors(s) by the proportion the Releasees' ultimate liability bears to the total damages, and further, the undersigned, knowing that the Releasees herein are not paying the total of the undersigned's full amount of damages, do hereby credit and satisfy that portion of the undersigned's total amount of damages which has been caused by the negligence, if any, of such of the Releasees hereto as may be hereafter determined to be the case in the trial or other disposition of the undersigned's claim.

Docket No. 29, Ex. A. The Release further provides, inter alia, that "[i]t is understood that this release and any payment made pursuant thereto is a compromise settlement and not an admission of legal liability by the Releasees and is not to be construed as such, the Releasees expressly denying said liability and this settlement made merely to avoid the expenses of litigation." Id.

I agree with the United States that the Release is not a Griffin release within the meaning of Pennsylvania law. Although the Release states that it is in "Joint Tort," it provides for a reduction of Plaintiffs' claim against the United States only by the "proportion the Releasees' *ultimate liability*

4

bears to the total damages." Id. (emphasis added). This language is in direct contrast to that in Griffin which stated that any judgment from a verdict would equal "the verdict reduced by the pro-rata share of the party released herein, *whether or not the released party herein was in fact a joint tort-feasor.*" Griffin, 500 F.2d at 1072 (emphasis added). Because the Release does not effectively concede Northwestern Mutual's joint tortfeasor liability, Northwestern Mutual must remain as a party in the case for the purpose of determining such liability. See, e.g., Carr, 17 F.3d at 683; Kling, 504 A.2d at 534-35.

In its brief, Northwestern Mutual does not dispute the United States' argument that the Release is not a Griffin release. Rather, Northwestern Mutual contends that "it does not matter if Northwestern Mutual concedes liability in the release or not" because its "proposed order seeking dismissal ameliorates that problem" by providing "for a molded verdict." Docket No. 31 at 4. This argument is without merit. The Proposed Order dismissing Northwestern Mutual as a party states, in relevant part, "It is further ORDERED that any verdict against the United States of America and in favor of the Plaintiffs shall be molded *in accordance with the terms of the Release* entered into between the Plaintiffs and Northwestern Mutual Life Insurance Company, Oxford Development Company, and SMG Enterprises, Inc." Docket No. 29. As set forth above, the "terms of the Release" require a determination of Northwestern Mutual's ultimate liability before the right to a *pro rata* reduction kicks in. To the extent Northwestern Mutual argues that the Proposed Order concedes Northwestern Mutual's joint tortfeasor status or requires the Court to reduce any verdict against the United States regardless of such status, the proposed language does not so state.

Northwestern Mutual also cites the case of Young v. Verson Allsteel Press Co., 524 F. Supp. 1147 (E.D. Pa. 1981), for the proposition that its presence at trial is not required because the United States could introduce competent, probative and sufficient evidence of Northwestern Mutual's alleged negligence regardless of Northwestern Mutual's presence at trial. See Docket No. 31 at 3-4. I disagree. Significantly, unlike the Release in this case, the release at issue in Young

5

was a Griffin release. Young, 524 F. Supp. at 1148, 1152. In Young, the district court simply determined that nothing in Pennsylvania's then-recently enacted Comparative Negligence Statute compelled the attendance at trial of a party who otherwise would be relieved from such attendance under Griffin. See id. at 1152. As reiterated by the Court of Appeals for the Third Circuit over ten years after the district court decision in Young, where, as here, a Griffin release is not at issue or joint tortfeasor status is not otherwise clear, a defendant "has the right" to require a party "settling on a pro-rata release to remain in the case through trial and verdict to establish joint tort-feasor status." Carr, 17 F.3d at 683.

In short, the Release at issue is not a Griffin release, and neither Plaintiffs nor Northwestern Mutual have otherwise conceded that Northwestern Mutual is a joint tortfeasor in this case. Thus, I find that Northwestern Mutual must remain as a party in this case for the sole purpose of determining Northwestern Mutual's joint tortfeasor status and, concomitantly, the extent, if any, of the United States' right, pursuant to the joint tortfeasor release,to a reduction in any verdict rendered against it after trial. For this and all the reasons set forth above, Northwestern Mutual's motion to dismiss is denied.[2] An appropriate Order follows.

---

[2] Northwestern Mutual's alternative request to amend its Answer and Defenses to the Third-Party Complaint to allege the terms of the Release as a defense is granted to the extent that such defense rests on grounds other than those rejected above. The United States does not respond to Northwestern Mutual's alternative request in its brief, and I express no opinion as to the merits of any such defense.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William McClelland and <br> Barbara McClelland, <br><br> Plaintiffs, <br><br> vs. <br><br> United States of America, <br><br> Defendant and <br> Third-Party Plaintiff, <br><br> vs. <br><br> Northwestern Mutual Life Insurance Company, <br><br> Third-Party Defendant. | Civil Action No. 08-851 |

AMBROSE, Chief District Judge

### ORDER OF COURT

AND NOW, this 16th day of July, 2009, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Third Party Defendant Northwestern Mutual Life Insurance Company's Motion to Dismiss (Docket No. 29) is denied. Northwestern Mutual's alternative Motion for Leave to Amend Answer and Defenses to Third-Party Complaint (Docket No. 29) is granted as set forth more fully in the Opinion accompanying this Order.

It is further ordered that Northwestern Mutual shall respond to the United States of America's Motion fo Dismiss Cross-Claim (Docket No. 26) within ten days of the date of this Order.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge